IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| MARY J. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:12-cv-001136-SWH |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| WAL-MART STORES EAST, INC., | ) | |
| WAL-MART REALTY COMPANY, | ) | |
| and WAL-MART, | ) | |
| | ) | |
| Defendants. | ) | |

### ANSWER OF DEFENDANT WALMART STORES EAST, INC. AND DEMAND FOR JURY TRIAL

Defendants Walmart Stores East, Inc. responds to plaintiff's Petition for Damages as follows:

Plaintiff fails to state a claim against defendant Walmart Stores East, Inc. upon which relief can be granted. Walmart Stores East, Inc. does not own or operate the store in question. Further, Walmart Stores East, Inc. denies all allegations not specifically admitted in this Answer.

### Answer to Section Entitled
### COUNT I – Personal Injury

1. Defendant Walmart Stores East, Inc. is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 1 of Count I of plaintiff's Petition for Damages.

2. In response to paragraph 2 of Count I of plaintiff's Petition for Damages, defendant Walmart Stores East, Inc. admits that, upon information and belief, other defendant Walmart Stores, Inc. is a foreign corporation organized and existing under the laws

1

of the state of Delaware with its principal place of business in Arkansas. Otherwise, Walmart Stores East, Inc. denies any and all other allegations asserted in paragraph 2 of Count I of plaintiff's Petition for Damages. Plaintiff has served and sued the wrong entity. If plaintiff intended to sue the operator of the referenced store, located at 7207 North M-1 Highway, Gladstone, Clay County, Missouri, that entity is Walmart Stores East, LP.

3. In response to paragraph 3 of Count I of plaintiff's Petition for Damages, defendant Walmart Stores East, Inc. admits that it is a foreign corporation organized and existing under the laws of the state of Delaware with its principal place of business in Arkansas. Otherwise, Walmart Stores East, Inc. denies any and all other allegations asserted in paragraph 3 of Count I of plaintiff's Petition for Damages. Plaintiff has served and sued the wrong entity. If plaintiff intended to sue the operator of the referenced store, located at 7207 North M-1 Highway, Gladstone, Clay County, Missouri, that entity is Walmart Stores East, LP.

4. In response to paragraph 4 of Count I of plaintiff's Petition for Damages, defendant Walmart Stores East, Inc. admits that, upon information and belief, other defendant Walmart Realty Company is a foreign corporation organized and existing under the laws of the state of Delaware with its principal place of business in Arkansas. Otherwise, Walmart Stores East, Inc. denies any and all other allegations asserted in paragraph 4 of Count I of plaintiff's Petition for Damages. Plaintiff has served and sued the wrong entity. If plaintiff intended to sue the operator of the referenced store, located at 7207 North M-1 Highway, Gladstone, Clay County, Missouri, that entity is Walmart Stores East, LP.

5. In response to paragraph 5 of Count I of plaintiff's Petition for Damages, defendant Walmart Stores East, Inc. states that plaintiff has sued the wrong and non-existent

2

Case 4:12-cv-01136-SWH   Document 5   Filed 09/12/12   Page 2 of 8

entity. There is no legal entity named Wal-Mart. If plaintiff intended to sue the operator of the referenced store, located at 7207 North M-1 Highway, Gladstone, Clay County, Missouri, that entity is Walmart Stores East, LP.

6. Defendant Walmart Stores East, Inc. objects to paragraph 6 of Count I of plaintiff's Petition for Damages because the allegations contained in paragraph 6 call for a legal conclusion to which a response is not required. Without waiving its objection and subject thereto, and to the extent the allegations in paragraph 6 are construed to require a response, Walmart Stores East, Inc. states that it does not own nor operate the store alleged in plaintiff's Petition for Damages.

7. Paragraph 7 of Count I of plaintiff's Petition for Damages, mistakenly labeled as paragraph 3, is denied.

8. Defendant Walmart Stores East, Inc. objects to paragraph 8 of Count I of plaintiff's Petition for Damages, mistakenly labeled as paragraph 4, because the allegations contained in paragraph 8 of Count I of plaintiff's Petition for Damages call for a legal conclusion to which a response is not required. Moreover, the allegations are vague and ambiguous, confusing, compound, and simply undecipherable. Without waiving these objection and subject thereto, and to the extent the allegations in paragraph 8 are construed to require a response, paragraph 8 of Count I of plaintiff's Petition for Damages, mistakenly labeled as paragraph 4, is denied.

9-14. Paragraphs 9, 10, 11, 12 (and all its subparts a, b, c, d, e, f, and g), 13, 14 (and all its subparts a, b, c, d, and e), 15, and 16 of Count I of plaintiff's Petition for Damages, all mistakenly labeled as paragraphs 5, 6, 7, 8 (and all its subparts a, b, c, d, e, f, and g), 9, 10 (and all its subparts a, b, c, d, and e), 11, and 12 are denied.

3

WHEREFORE Defendant Walmart Stores East, Inc. prays for judgment in its favor and against plaintiff on Count I of plaintiff's Petition for Damages, for its costs incurred herein, and for such other and further relief as this Court deems just and proper.

### Answer to Section Entitled
### COUNT II

1. Defendant Walmart Stores East, Inc. restates and incorporates its responses asserted to paragraphs 1 through 14 (Count I) of plaintiff's Petition for Damages, as though fully set forth here.

2-5. Paragraph 2, 3, 4, and 5 of Count II of plaintiff's Petition for Damages are denied.

6. Paragraph 6 of Count II of plaintiff's Petition for Damages (mistakenly labeled as paragraph 7) is denied.

WHEREFORE Defendant Walmart Stores East, Inc. prays for judgment in its favor and against plaintiff on Count II of plaintiff's Petition for Damages, for its costs incurred herein, and for such other and further relief as this Court deems just and proper.

### Answer to Section Entitled
### COUNT II – Punitive Damages

1. Defendant Walmart Stores East, Inc. restates and incorporates its responses asserted to paragraphs 1 through 14 (Count I) and paragraphs 1 through 6 (Count II) of plaintiff's Petition for Damages, as though fully set forth here.

2. Paragraph 2 of Count III of plaintiff's Petition for Damages is denied.

WHEREFORE Defendant Walmart Stores East, Inc. prays for judgment in its favor and against plaintiff on Count III of plaintiff's Petition for Damages, for its costs incurred herein, and for such other and further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's Petition for Damages fails to state a claim against defendant Walmart Stores East, Inc. upon which relief can be granted.  Walmart Stores East, Inc. does not own or operate the store in question.

2.     Plaintiff's Petition for Damages against defendant Walmart Stores East, Inc. fails for lack of personal jurisdiction, insufficient process, and insufficient service of process.

3.     Further answering, if plaintiff suffered any injury or damage, which Walmart Stores East, Inc. specifically denies, all such injury or damage was directly caused, in whole or in part, by the negligent acts, omissions or fault of others for whom Walmart Stores East, Inc. is not responsible, and plaintiff is therefore barred from recovery from Walmart Stores East, Inc., or, in the alternative, the amount of any recovery by plaintiff against Walmart Stores East, Inc. must be reduced in proportion to such fault.

4.     Further answering, if plaintiff suffered any injury or damage, which Walmart Stores East, Inc. specifically denies, all such injury or damage was directly caused, in whole or in part, by the negligent acts, omissions or fault of plaintiff, and plaintiff is therefore barred from recovery from Walmart Stores East, Inc., or, in the alternative, the amount of any recovery by plaintiff against Walmart Stores East, Inc. must be reduced in proportion to such fault.  The negligent acts, omissions, or fault of include but are not limited to one or more of the following:

      a)     Plaintiff failed to keep a careful lookout;

      b)     Plaintiff failed to exercise ordinary care as to her own safety; and/or

      c)     Plaintiff was injured due to her own carelessness.

5. Walmart Stores East, Inc. specifically denies any causal fault or negligence on its part and further denies that its conduct had any causal connection with plaintiff's alleged damages.

6. Plaintiff's claims against Walmart Stores East, Inc. are barred because the damages allegedly sustained by plaintiff were not proximately caused by any act or omission of Walmart Stores East, Inc.

7. Plaintiff's claims are barred in whole or in part by her failure to mitigate his alleged damages.

8. Plaintiff's claim for punitive damages is barred by the Due Process clause of the Fourteenth Amendment of the United States Constitution, as well as barred by the proscriptions of the Eighth Amendment of the United States Constitution, as applied to the states through the Fourteenth Amendment, prohibiting the imposition of excessive fines.

9. Plaintiff's claims for punitive damages are barred by Article I of the Missouri Constitution. Any recovery of punitive damages by plaintiff would be unconstitutional under the provisions of the Constitution of Missouri of 1945, including Article I, Bill of Rights, Sections 10, 19, and 21. Further, such damages are precluded because the standards for recovery of the same are too vague to give notice of the alleged prohibited conduct, and they would subject defendant Walmart Stores East, Inc. to multiple jeopardy, excessive fines, and unusual punishment and would be a violation of the due process.

10. Defendant Walmart Stores East, Inc. asserts that recovery of punitive damages by plaintiff would deprive Walmart Stores East, Inc. of property without due process of law in violation of the Constitution of the State of Missouri of 1945, including Article I, Bill of Rights, Section 10, 19, 21, and of the United States Constitution, including the Fifth, Eighth,

6

Case 4:12-cv-01136-SWH   Document 5   Filed 09/12/12   Page 6 of 8

and Fourteenth Amendments because there are insufficient legal standards for a jury to determine the amount of any such alleged damages; thus allowing for the possibility of awards that that are grossly excessive or wholly disproportionate to the alleged offenses and obviously unreasonable, and give Walmart Stores East, Inc. no notice of the consequences of its alleged conduct.

11. Walmart Stores East, Inc. states that it intends to rely upon other affirmative defenses which may become available or appear in discovery, and it therefore reserves its right to amend this Answer and to add such affirmative defenses.

WHEREFORE, Defendant Walmart Stores East, Inc. prays for judgment in its favor and against plaintiff, for its costs incurred herein, and for such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant Walmart Stores East, Inc. hereby demands a jury trial on all issues so triable.

Respectfully submitted,

**BAKER STERCHI COWDEN & RICE, L.L.C.**

/s/ Marcos A. Barbosa
Marcos A. Barbosa          MO# 56882
2400 Pershing Road, Suite 500
Kansas City, MO 64108
Telephone:   (816) 471-2121
Facsimile:   (816) 472-0288
E-mail:  barbosa@bscr-law.com
**ATTORNEYS FOR DEFENDANTS**

# CERTIFICATE OF SERVICE

I hereby certify that on 12th day of September, 2012 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

David Lee Wells
DAVID LEE WELLS LAW OFFICE
329 Armour Road
North Kansas City MO  64116
Facsimile:  816-842-2173
ATTORNEY FOR PLAINTIFF

                                                    /s/ Marcos A. Barbosa

4840-0859-3425, v.  1